## Banco Colonial Americano de Puerto Rico *v.* El Registrador de la Propiedad.

## Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas.

No. 10.—Resuelto en Noviembre 27, 1903.

Sociedades en Liquidación.—Personalidad de las Mismas.—La personalidad de una sociedad en liquidación no se extingue, sino que continúa bajo la representación de los liquidadores elegidos por los socios de la misma, para todos los efectos expresados en el Art. 228 del Código de Comercio.

Contratos.—Personalidad de las Partes.—Defectos Subsanables.—El defecto de no aparecer acreditada en una escritura la representación que ostente uno de los otorgantes de la misma, no vicia de nulidad la obligación en ella contenida, y es por lo tanto un defecto subsanable que no impide la inscripción del documento en el Registro de la Propiedad.

### EXPOSICIÓN DEL CASO.

*Resultando:* que por escritura pública otorgada en esta Capital ante el Abogado y Notario de la misma, Don Juan de Guzmán Benitez, en 6 de Octubre último, la sociedad mercantil que gira en esta plaza bajo la razón de "R. Fabián & Ca., en liquidación," representada por el socio, liquidador de la misma, Don Joaquín Villamil y Méndez, vendió al "Banco Colonial Americano de Puerto Rico," que concurrió al otorgamiento representado por el Cajero de dicho establecimiento de crédito, Mr. Edwin L. Arnold, la participación que correspondía á la expresada Sociedad "R. Fabián & Ca., en liquidación," por valor de ochocientos veinte y tres dollars, cuarenta y cinco centavos, en una finca rústica radicada en el barrio del "Pasto," término municipal de Morovis, de novecientas noventa y una cuerdas, ochenta y ócho centésimas de otra de extensión superficial valorada, en su totalidad, en la suma de siete mil quinientos dollars, y que poseía proindivisa con el mismo establecimiento de crédito; y que presentada dicha escritura en el Registro de la Propiedad de Caguas, para su inscripción, le fué denegada por el Registrador por los fundamentos que expresa la nota puesta al pié de la misma escritura, que copiada á la letra dice así:

No. 10.—Decided November 27, 1903.

"The record of the above deed (folio 94 reverse, volume 15, of the municipal corporation of Barros, property No. 733, entry letter A.) is suspended

"Suspendida la inscripción del precedente documento, al folio 94 vuelto del tomo 15 del Ayuntamiento de Barros, finca número 733, anotación letra A., por los defectos insubsanables de aparecer inscrita dicha finca, digo la participación ó condominio de dicha finca á nombre de la sociedad "R. Fabián & Ca.," persona distinta de la vendedora que lo es la sociedad "R. Fabián & Ca., en liquidación," y el de no aparecer acreditada en el expresado documento, la representación que ostenta Don Edwin L. Arnold. Caguas, 10 de Octubre de 1903.—El Registrador, S. Abella Bastón."

*Resultando :* que contra esta nota ha interpuesto en tiempo el Abogado Don Juan de Guzmán Benitez, á nombre del "Banco Colonial Americano de Puerto Rico," el presente recurso gubernativo ante este Tribunal Supremo para que se revoque dicha nota y se le ordene al Registrador que practique la inscripción de la escritura, gratuitamente, y se le condene al pago del franqueo y de la cantidad no mayor de cincuenta pesos, que la Sala estime justa en concepto de honorarios y agencias al Abogado defensor del recurrente.

Abogado del recurrente : *Sr. Guzmán Benitez (Juan).*

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal.

*Considerando :* que si bien con arreglo al Art. 20 de la Ley Hipotecaria, vigente en esta Isla, cuando el dominio ó la posesión de los bienes inmuebles ó derechos reales resulte inscrito á favor de persona distinta de la que otorgue la trasmisión ó gravamen, deben los Registradores denegar la inscripción del documento presentado; este precepto no es de aplicarse en el presente caso, toda vez que inscrita como está la participación de que se trata á favor de la Sociedad "R. Fabián & Ca.," aunque ésta haya sido disuelta, continúa su personalidad bajo la representación de los liquidadores elegidos por los socios, á los efectos de la liquidación, que expresa el Art. 228 del Código de Comercio; y siendo precisamente el otorgante de la escritura de venta de que se trata uno de los liquidadores nombrados en la escritura de disolución de la Sociedad, y estando expresamente autorizado en la misma escritura para realizar las existencias y demás bienes de todas clases de la Sociedad que es uno de los medios,

because of the incurable defects of its ownership in common appearing recorded in the name of the firm of 'R. Fabián & Co.', a person other than the true one, namely, the firm of 'R. Fabián & Co. in Liquidation', and in said document the representation claimed by Edwin L. Arnold is not established. Caguas, October 10, 1903.—S. Abella Bastón, Registrar."

From this decision Juan de Guzmán Benítez, Esq., on behalf of the American Colonial Bank of Porto Rico, in due time took an appeal to this Supreme Court, praying that said decision be reversed and the Registrar ordered to record the deed free of charge, and to pay for the stamps and a sum not exceeding fifty dollars, which in the opinion of the court may cover the fees and expenses of counsel for appellant.

*Mr. Juan de Guzmán Benítez*, for appellant.

MR. CHIEF JUSTICE JOSÉ S. QUIÑONES, after making the above statement of facts, rendered the opinion of the court.

Although, according to article 20 of the Mortgage Law, in force in this Island, when the ownership or possession of real property or property rights appears recorded in favor of a person other than the one executing the transfer or encumbrance, registrars shall refuse to record the document presented, this provision is not applicable in the present case, for the share in common referred to, being recorded in favor of the firm of "R. Fabián & Co.", although said firm has been dissolved, the personality thereof continues under the representation of the liquidators appointed by the partners, for the purposes of the liquidation mentioned in article 228 of the Code of Commerce; and as the party executing the deed of sale in question is one of the liquidators appointed in the deed of dissolution of the partnership, and he being expressly authorized in aforesaid deed to dispose of the stocks and other properties of all kinds belonging to the firm, which is one of the means, in fact, the most adequate to effect the liquidation thereof, it is evident that in the present case that lack of identity claimed

el más adecuado precisamente, para llevar á efecto la liquidación de la misma, es evidente que no existe en el presente caso la falta de identidad que objeta el Registrador entre la persona á cuyo favor aparece inscrito el condominio de que se trata y la que aparece enagenándolo, y por consiguiente, que es perfectamente inscribible la escritura de venta otorgada por el liquidador de "R. Fabián & Ca."

*Considerando :* en cuanto no acreditarse por el otro compareciente, Mr. Edwin L. Arnold, la representación del "Banco Colonial Americano de Puerto Rico" que este defecto no vicia de nulidad la obligación y, por consiguiente, es un defecto subsanable que no impide la inscripción de la escritura en la forma que determina la Sección 4ª de la Ley votada por la Asamblea Legislativa de esta Isla y aprobada en 1? de Marzo de 1902 sobre recursos contra las resoluciones de los Registradores de la Propiedad.

*Vistas* las disposiciones legales citadas. Se *revoca* la nota denegatoria puesta por el Registrador de la Propiedad de Caguas al pié de la escritura de venta de que se trata, y se declara que dicho documento es inscribible con el defecto subsanable de no acreditarse por el compareciente Mr. Edwin L. Arnold la representación que se atribuye del "Banco Colonial Americano de Puerto Rico," comunicándose esta resolución al Registrador para su cumplimiento, y previniéndosele que en lo sucesivo cuide de cumplir estrictamente las prescripciones de la citada Ley de la Asamblea Legislativa, tomando en los casos que corresponda, la anotación preventiva que se ordena en la Sección 4ª de dicha Ley, apercibido de lo que hubiere lugar si no lo verificare, como ha sucedido en el presente caso; y devuélvase al recurrente el documento presentado.

Jueces concurrentes: Sres. Hernández, Sulzbacher y Mac Leary.

El Juez Asociado Sr. Figueras no tomó parte en la resolución de este caso.